UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: GREEKTOWN HOLDINGS, LLC

                   Debtor,

_____/

BUCHWALD CAPITAL ADVISORS, LLC,
solely in its capacity as Litigation Trustee for
the Greektown Litigation Trust,

                   Plaintiff/Appellant,

v.

DIMITRIOS ("JIM") PAPAS, et al.,

                   Defendants/Appellees.

_____/

Bankr. Case No. 08-53104
Chapter 11
Bankruptcy Judge Walter Shapero

Case No. 15-14289

Paul D. Borman
United States District Judge

(Re: Bankr. Adv. Pro. No. 10-05712)

OPINION AND ORDER DENYING REQUEST OF THE PAPAS AND GATZAROS
DEFENDANTS FOR CERTIFICATION FOR DIRECT APPEAL TO THE UNITED STATES
COURT OF APPEALS FOR THE SIXTH CIRCUIT
PURSUANT TO 28 U.S.C. § 158(d)(2)(B)

On December 8, 2015, Plaintiff/Appellant Buchwald Capital Advisors, LLC, solely in its

capacity as Litigation Trustee for the Greektown Litigation Trust ("the Litigation Trustee" or

"Plaintiff/Appellant"), filed a Notice of Appeal of United States Bankruptcy Judge Walter J.

Shapero's November 24, 2015 Opinion and Order Granting Defendants/Appellants Dimitrios

("Jim") Papas, Viola Papas, Ted Gatzaros, and Maria Gatzaros's ("the Papas and Gatzaros

Defendants") Motion for Summary Judgment in Adversary Proceeding No. 10-05712 in the United

States Bankruptcy Court for the Eastern District of Michigan, Southern Division, in Bankruptcy

Case No. 08-53104, *In Re Greektown Holdings, LLC*.  The Notice of Appeal was transmitted to this

1

Court on December 9, 2015.  (E.D. Mich. No. 15-14289, ECF No. 1, Notice of Appeal.)  On

December 23, 2015, the Bankruptcy Court entered its Order of Dismissal With Prejudice of

Dimitrios ("Jim") Papas, Viola Papas, Ted Gatzaros and Maria Gatzaros Pursuant to Their Motion

for Summary Judgment.  (Adv. Pro. 10-05712, ECF No. 706.)  On January 4, 2016, the Litigation

Trustee filed an amended notice of appeal to include the December 23, 2015 Dismissal Order.  (Adv.

Pro. 10-05712, ECF No. 708.)  On January 7, 2016, this Court received transmittal of the Papas and

Gatzaros Defendants' designation of additional items to be included in the record in this appeal and

notice of cross-appeal.  (E.D. Mich. No. 15-14289, ECF No. 5.)[1]

## I.      JURISDICTION OVER THE CERTIFICATION ISSUE

On January 20, 2016, the Papas and Gatzaros Defendants filed in the Bankruptcy Court a

Motion Requesting Certification of the Litigation Trustee's appeal to this Court of Judge Shapero's

November 24, 2015 Opinion and Order and December 23, 2015 Order of Dismissal for direct appeal

to the Sixth Circuit pursuant to 28 U.S.C. § 158(d)(2)(B).  (Adv. Pro. 10-05712, ECF No. 716.)  On

February 2, 2016, the Litigation Trustee filed both in this Court and in the Bankruptcy Court a

Response to the request for certification of direct appeal, opposing a direct appeal and urging that

this Court, rather than the Bankruptcy Court, has sole jurisdiction at this stage of proceedings to

address the request for certification for direct appeal.  (Adv. Pro. 10-05712, ECF No. 718; E.D.

Mich. No. 15-14289, ECF No. 6).  According to the Litigation Trustee, as of January 23, 2016,

which is the date 30 days following the filing of the Notice of Appeal in this Court, the appeal was

---

[1]  On December 23, 2015, the Papas and Gatzaros Defendants filed a Notice of Cross-Appeal,
seeking to appeal to this Court Judge Shapero's September 15, 2014 Order Denying the Papas and
Gatzaros Defendants' Motion for Summary Judgment on an unrelated issue.  The issues involved
in the Cross-Appeal are not the subject of the request for direct certification.

pending in this Court, and no longer in the Bankruptcy Court pursuant to Bankruptcy Rule 8006,

which governs the procedure for certifying a direct appeal of a Bankruptcy Court judgment, order

or decree to the Court of Appeals.  (Response to Request, p. 4 n. 4.)  Rule 8006(b) provides:

> The certification [for direct appeal] must be filed with the clerk of the court where
> the matter is pending.  For purposes of this rule, a matter remains pending in the
> bankruptcy court for 30 days after the effective date under Rule 8002 of the first
> notice of appeal from the judgment, order, or decree for which direct review is
> sought. A matter is pending in the district court or BAP thereafter.

Bankruptcy Rule 8006(b).  Bankruptcy Rule 8006(d) provides: "Only the court where the matter is

pending, as provided in subdivision (b), may certify a direct review on request of parties or on its

own motion."  This matter has been "pending" in this Court, pursuant to the definition set forth in

Bankruptcy Rule 8006(b), since January 23, 2016.  *See In re MMC Corp.*, No. 15-1043, 2016 WL

356026, at *2 n. 2 (D. Del. Jan. 28, 2016) (district court exercised jurisdiction over certification

request that was filed on a date when the matter was still pending in the bankruptcy court but

decided when the matter was pending in the district court, noting that only the court where the

matter is pending, as provided in 8006(d), may certify a direct review, citing Bankruptcy Rules

8006(b) and (d)).

The Court held a telephone status conference on February 11, 2016, during which the parties

agreed that this Court, and not the Bankruptcy Court, has jurisdiction now to decide whether to

certify the Litigation Trustee's appeal of Judge Shapero's Opinion and Order for direct appeal.  *See

In re Davis*, 512 F.3d 856, 858 (6th Cir. 2008) (noting that the statute requires that a certification

decision be made by the court where the action is pending).  The Court is satisfied that it has

jurisdiction to decide the certification issue, to which it now turns.

## II.    CERTIFICATION UNDER 28 U.S.C. § 158(d)(2)(B)

28 U.S.C. § 158(d)(2)(B) provides the mechanism for bypassing this Court and taking an

appeal from a decision of the Bankruptcy Court directly to the Sixth Circuit Court of Appeals:

(B) If the bankruptcy court, the district court, or the bankruptcy appellate panel–

(i) on its own motion or on the request of a party, determines that a circumstance
specified in clause (i), (ii), or (iii) of subparagraph (A) exists; or

(ii) receives a request made by a majority of the appellants and a majority of
appellees (if any) to make the certification described in subparagraph (A);

then the bankruptcy court, the district court, or the bankruptcy appellate panel shall
make the certification described in subparagraph (A).

28 U.S.C. § 158(d)(2)(B).  Under subparagraph (A), one of the following circumstances must exist

for certification to be ordered:

(i) the judgment, order, or decree involves a question of law as to which there is no
controlling decision of the court of appeals for the circuit or of the Supreme Court
of the United States, or involves a matter of public importance;

(ii) the judgment, order, or decree involves a question of law requiring resolution of
conflicting decisions; or

(iii) an immediate appeal from the judgment, order, or decree may materially
advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158(d)(2)(A).

## III.    ANALYSIS

In their second motion for summary judgment ("the Safe Harbor motion") that is the subject

of this appeal and request for certification for direct appeal to the Sixth Circuit, the Papas and

Gatzaros Defendants argued that the wire transfers that the Litigation Trustee submits in this

Adversary Proceeding are avoidable under section 544 and 550 of the Bankruptcy Code, which

incorporates Michigan's Uniform Fraudulent Transfers Act, Mich. Comp. Laws §§ 566.34, 566.35

("MUFTA"), in fact were "settlement payments," made by a "financial institution" and "in connection with a securities transaction," and thus fell within the exception from any fraudulent transfer claims as provided by 11 U.S.C. § 546(e).  Judge Shapero's November 24, 2015 Opinion and Order granted Defendants' Safe Harbor motion and his December 23, 2015 Order dismissed the Papas and Gatzaros Defendants from the MUFTA Adversary Proceeding with prejudice.  ("the Safe Harbor decision").

The Papas and Gatzaros Defendants rely solely on section 158(d)(2)(A)(iii) in their request for certification of a direct appeal, asserting that because the parties have demonstrated that they will litigate this Adversary Proceeding to the final appellate level, and because Judge Shapero's dismissal, if affirmed, will have equal application to the remaining Defendants in this Adversary Proceeding and thus will purportedly end the matter, the Litigation Trustee's appeal should bypass this Court and the matter should be fast tracked directly to the Court of Appeals, saving the time and resources that will be devoted to review of the matter in this Court and ultimately avoiding further litigation in the Bankruptcy Court.  Specifically, the Papas and Gatzaros Defendants state that: "A full and complete ruling by the Sixth Circuit will materially advance the progress of this entire case because the underlying issue on appeal is case dispositive for all defendants, and, therefore, an affirmance by the Sixth Circuit would avoid costly and time consuming battles on other defenses/issues."  (Adv. Pro. 10-05712, ECF No. 716-3 at 3.)  Similarly, in their prayer for relief, the Papas and Gatzaros Defendants rely on "the grounds that the progress of this entire adversary proceeding is substantially furthered by having the Sixth Circuit review the Safe Harbor Decision now."  *Id*. at 8.

The Papas and Gatzaros Defendants rely for support on *Weber v. United States Trustee*, 484 F.3d 154, 158 (2nd Cir. 2007), urging that direct appeal is appropriate here because an affirmance of Judge Shapero's Safe Harbor decision will determine the future of the MUFTA litigation. *Weber* also emphasizes, however, the importance of limiting review to issues of law "not heavily dependent on the particular facts of a case" and limiting direct appeal to instances of "uncertainty in the bankruptcy courts" regarding the issue appealed. *Id.* Indeed in *Weber*, the Second Circuit observed "the dangers of leapfrogging the district court in the appeals process," which led Congress to "wisely adopt[]" a "discretionary path" to direct appeal. 484 F.3d at 160. Ultimately, the Second Circuit in *Weber* declined to accept a direct appeal, concluding that prior consideration by the district court would be "beneficial:"

> [A]lthough Congress emphasized the importance of our expeditious resolution of bankruptcy cases, it did not wish us to privilege speed over other goals; indeed, speed is not necessarily compatible with our ultimate objective-answering questions wisely and well. In many cases involving unsettled areas of bankruptcy law, review by the district court would be most helpful. Courts of appeals benefit immensely from reviewing the efforts of the district court to resolve such questions. Permitting direct appeal too readily might impede the development of a coherent body of bankruptcy case-law.

484 F.3d at 160 (alteration added). *See also In re Davis*, 512 F.3d at 858 (declining to grant a direct appeal, observing that "the need for a coherent body of case law suggests that in many cases, 'percolation through the district court would cast more light on the issues and facilitate a wise and well-informed decision'") (citing *Weber*, 484 F.3d at 161).

This reasoning informs the Court's decision not to certify a direct appeal here. The Papas and Gatzaros Defendants offer no discussion of the factually dependent nature (or not) of this appeal of Judge Shapero's Safe Harbor decision. Nor do they direct the Court to a need for clarification

among the bankruptcy courts on a controlling issue of law or cite the presence of a matter of public importance.  On the other hand, the Litigation Trustee represents that the matter is intensely fact dependent, arguing in its appeal to this Court that the Bankruptcy Court misapprehended both the facts and the law in reaching a decision on the Safe Harbor issue.  The 1900-plus page record that the parties have transmitted to this Court for purposes of this appeal (significant portions of which have been designated by the Papas and Gatzaros Defendants) would seem to support the Litigation Trustee's assertion that the facts do matter here.  The Litigation Trustee further asserts that the Papas and Gatzaros Defendants have not identified, because they cannot identify, an issue of controlling law, clear conflict of authority or matter of public importance involved in this appeal that demands direct appellate review.

The Court finds that the Litigation Trustee's appeal of Judge Shapero's Safe Harbor decision presents no circumstance identified in 28 U.S.C. § 158(d)(2)(A) that would compel the Court to certify a direct appeal.  In this case, "percolation through [this Court will] cast more light on the issue and facilitate a wise and well-informed decision." *In re Davis*, 512 F.3d at 858 (citing *Weber*, 484 F.3d at 161) (alteration added).

## IV.    CONCLUSION

Accordingly, the Court DENIES the Papas and Gatzaros Defendants' Request for Certification pursuant to 28 U.S.C. § 158(d)(2)(B).

The parties shall appear for a status conference on **Tuesday, March 22, 2016 at 3:00 p.m.** to address the briefing schedule for this appeal and to advise the Court regarding the "stipulation regarding the cross-appeal," to which Plaintiff/Appellant's counsel, Mark Parry, referred in his

February 2, 2016 email to the Court.

IT IS SO ORDERED.


                                        s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE


Dated:  February 24, 2016

                       CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 24, 2016.


                                        s/Deborah Tofil
                                        Case Manager